■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LLOYD JACKSON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered April 20, 1965, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered March 5, 1962 and imposing a resentence *nunc pro tunc* as of January 15, 1961. Order affirmed (*People v. Tyson,* 15 N Y 2d 866; *People v. Combs,* 19 A D 2d 639). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD C. MANNING, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 14, 1962 upon his plea of guilty, convicting him of attempted robbery in the third degree and imposing sentence upon him as a second offender. Appeal dismissed. The appeal herein, having been taken more than 30 days after the judgment was rendered (Code Crim. Pro., § 521), is beyond our jurisdiction to review. (*People v. Williams,* 6 N Y 2d 193.) However, we have examined the record and briefs on appeal and conclude that, if the judgment were properly before us, we would affirm. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MICHAEL SABATELLI, Appellant.— By order of this court, dated May 14, 1965, defendant appears for reargument of an appeal (*People v. Sabatelli,* 22 A D 2d 762) which resulted in the unanimous affirmance of a judgment of the County Court, Suffolk County, rendered November 15, 1963 after a jury trial, convicting defendant of robbery in the first degree and imposing sentence upon him as a second felony offender. Judgment reversed in the interests of justice and a new trial granted. We have ordered a new trial for defendant's alleged accomplice (*People v. Duffy,* 23 A D 2d 699) on the ground that the admission into evidence of an unsigned statement of the alleged accomplice was an error. As the statement implicates the defendant, he must also be accorded a new trial (*People v. Donovan,* 13 N Y 2d 148, 154). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.